**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**CIVIL ACTION - LAW**

| | | |
|---|---|---|
| AAMCO TRANSMISSIONS, INC.<br>201 Gibraltar Road, Suite 100<br>Horsham, PA 19044<br>Plaintiff,<br>v.<br>JAMES M. DUNLAP<br>1312 De Bree Avenue<br>Norfolk, VA 23517<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No. |

**COMPLAINT**

Plaintiff, AAMCO TRANSMISSIONS, INC. ("ATI"), by and through its undersigned counsel, hereby complains against Defendant, James M. Dunlap ("Dunlap"), as follows:

1. Plaintiff, AAMCO Transmissions, Inc. ("ATI"), is a Pennsylvania corporation, with its principal place of business located at 201 Gibraltar Road, Horsham, Pennsylvania 19044.

2. Defendant, James M. Dunlap ("Dunlap"), is an adult individual who resides at 1312 De Bree Avenue, Norfolk, VA 23517 and has a place of business at 1330 S. Military Highway, Chesapeake, VA 23320.

3. This Court has jurisdiction pursuant to 15 U.S.C.A. §1121(a), and also pursuant to 28 U.S.C.A. §1338(b) relating to claims of unfair competition joined with a substantial and related claim under the trademark laws, as well as pendent and ancillary jurisdiction of the state and common law claims contained herein. This Court also has diversity jurisdiction pursuant to 28 U.S.C.A. §1332 based upon the diverse citizenship of the parties and the amount in controversy which exceeds $75,000 exclusive of interest and costs.

4. Venue lies in this District pursuant to 28 U.S.C.A. §1391, in that ATI resides in this District, Dunlap has transacted business with ATI continuously over the last several years in this District and the claims arise under a contract that was made in this District.

BACKGROUND

5. Since at least 1963, ATI has continually used the name "AAMCO" as its trade name, trademark and service mark in connection with the operation of transmission repair centers. It is the owner of the following marks registered on the principal register of the United States Patent and Trademark office for "automobile repair services":

| Registration # | Description |
|---|---|
| 851,209 | The name "AAMCO". |
| 860,330 | Pictorial representation containing the name "AAMCO". |
| 1,127,710 | Pictorial representation containing the name "AAMCO Transmissions". |

6. ATI is engaged in interstate commerce in, inter alia, the business of franchising or licensing others to use the mark and name "AAMCO" in the operation of transmission repair centers throughout the United States and Canada. There are presently over 700 independent dealers licensed or franchised by ATI to operate transmission repair centers under the "AAMCO" trade name and trademark.

7. The "AAMCO" trade name and trademark have become universally associated with the repair of motor vehicle transmissions and the operation of transmission repair centers. As a result, ATI owns common-law trade name and trademark rights in the name "AAMCO" and in the marks described above. By virtue of the long use and promotion and the resulting fine public reputation of the trade name "AAMCO", there exists a secondary meaning in the name "AAMCO" and the above marks.

8. Large sums of money have been spent in advertising and promoting the services sold under ATI's trade name and trademarks, and today ATI has a substantial business and a long established goodwill associated with the name and the above marks in connection with the services provided under its trade name and trademarks.

9. ATI has a vital interest in protecting its trade name and trademarks and the preservation and protection thereof are essential to the maintenance of ATI's quality transmission repair centers and the goodwill and reputation associated therewith. To supervise and control use of its trade name and trademarks, ATI has established standards and policies governing the quality of service to be provided to the public and has established procedures calling for the inspection of franchisees' centers to determine that the standards and policies are being followed.

10. On June 5, 1981, ATI and Dunlap entered into a franchise agreement, pursuant to which Dunlap was authorized to use the name and mark "AAMCO" in connection with the operation of an AAMCO Transmission Center located at 1330 South Military Highway, Chesapeake, VA 23320 (the "Center"). A true and correct copy of the said franchise agreement (the "Franchise Agreement") is attached hereto and made a part hereof at Exhibit "A".

11. Pursuant to section 16.1, at the end of the initial fifteen (15) year term, the Franchise Agreement would automatically renew for another term of fifteen (15) years unless, at least one year prior thereto either party gave written notice to the other of an intention not to renew.

12. At the end of the first contract term on June 5, 1996, the Franchise Agreement renewed for another fifteen years – i.e., until June 5, 2011.

13. In letters dated, June 9, 2006 and August 3, 2006, after providing written notice to cure, ATI informed Defendant that his Franchise Agreement for the Center was terminated for failure to report sales and pay monies due and owing.

14. Dunlap ignored the letters and continued to operate the Center using ATI's trade name and marks.

15. On January 18, 2007, ATI brought suit against Defendant seeking to enforce the termination of the Franchise Agreement (the "Prior Litigation").

16. In a Settlement Agreement dated July 11, 2007, the Prior Litigation was settled and it was agreed that the Franchise Agreement would be reinstated for a period not longer than June 5, 2011 while Dunlap made efforts to sell his Center and leave the AAMCO franchise system. A true and correct copy of the Settlement Agreement is attached hereto and made a part hereof at Exhibit "B".

17. Notwithstanding his obligations under the Settlement Agreement, Dunlap did not sell his Center and exit the AAMCO franchise system.

18. In a letter dated June 13, 2011, Dunlap was reminded by ATI that his Franchise Agreement had expired as of June 5, 2011. The letter further informed Defendant that the Franchise Agreement would not be renewed or extended, and that Defendant was required to adhere to the Franchise Agreement's post termination provisions which include a requirement that Defendant de-identify with the AAMCO trade name and marks. A true and correct copy of the said letter is attached hereto and made a part hereof as Exhibit "C".

19. Section 19.1(a) of the Franchise Agreement provides that, upon termination of the Franchise Agreement for any reason, Defendant shall:

> (b) Immediately and permanently discontinue the use of the mark AAMCO and all similar names or marks, and any other designation tending to indicate that the Franchisee is an authorized AAMCO franchisee.
>
> (c) Promptly destroy or surrender to AAMCO all signs, stationery, letterheads, forms, printed matter and advertising material containing the mark AAMCO, all similar names or marks or any other designation

tending to indicate that Franchisee is an authorized franchisee of AAMCO.

(d) Immediately and permanently discontinue all advertising as an authorized AAMCO dealer.

(e) Promptly transfer to AAMCO or AAMCO's designee each telephone number listed under the designation AAMCO or any similar designation, and execute such instruments and take such steps as AAMCO may require to accomplish the transfer of each such telephone number.

*See* Franchise Agreement, § 19.1, Ex. "A" attached hereto.

20. Section 19.1 also provides that Defendant shall:

(g) Refrain from doing anything that would indicate that Franchisee is or ever was an authorized AAMCO dealer. Franchisee further agrees that for a period of 1 year following a termination this Agreement he will not directly or indirectly engage in the transmission repair business within a radius of 10 miles of the subject center or any other AAMCO center.

*Id.* at § 19.1.

21. Despite the termination of his franchise and any further authority to continue in the transmission business under and the use of the AAMCO name, Defendant Dunlap has refused to take the actions required by Section 19.1 of the Franchise Agreement. Specifically, Dunlap refuses to remove the AAMCO name and trademark from the Center and cease all use of ATI's systems and AAMCO merchandising materials there and, instead, has continued to operate a competing transmission repair business at the former Center location under the name and style "AAMCO Transmissions", to hold himself out to be an authorized ATI franchisee, and to use the AAMCO trade name and trademark, without any license or right whatsoever.

22. Defendant continues to operate and control a website identifying his business at the former Center location as "AAMCO Transmissions."

23. In addition, Defendant continues to refuse to turn over to ATI the telephone number, (757) 424-6444, and any other telephone number(s) which link to former and current local Yellow Page ads for "AAMCO Transmission".

24. The ATI letter dated January 10, 2010, further addressed Dunlap's continued failure to accurately report his gross receipts to ATI and demanded that he immediately cure this default.

25. Notwithstanding receipt of this notice, Dunlap has elected not to cure his default by paying the monies due and owing ATI.

**COUNT I**
**TRADEMARK INFRINGEMENT**

26. ATI hereby incorporates by reference, as if fully set forth, paragraphs 1 through 25 above.

27. Defendant has willfully and without justification failed and refused to comply with the post-termination provisions of the Franchise Agreement.

28. Defendant continues to hold himself out to the public as an authorized "AAMCO Transmission" center, which he is not.

29. Unless Defendant is enjoined, ATI believes and therefore avers that he will continue his infringing use of the AAMCO trade name and trademarks at the Center.

30. Unless Defendant is enjoined, his continued improper use of the AAMCO trade name and trademarks will greatly impair the value of the AAMCO trade name and trademarks, as well as ATI's reputation and goodwill.

31. Defendant's continued failure and refusal to comply with those obligations has caused and continues to cause ATI irreparable harm to its reputation and goodwill, and substantial financial losses.

32. The actions and conduct of Defendant as set forth in this Complaint constitute willful trademark infringement in violation of 15 U.S.C.A. §1125.

33. The damages that have been occasioned by the willful trademark infringement that has been engaged in by Defendant are irreparable and continuing, and ATI has no adequate remedy at law.

34. Pursuant to 15 U.S.C.A. §1116, ATI is entitled to injunctive relief to protect its rights under the Lanham Act.

35. Pursuant to 15 U.S.C.A. §1117, ATI is entitled to recover Defendant's profits from the Center for the period since June 5, 2011, during which he has engaged in the above-described willful trademark infringement, plus any damages sustained by ATI, which damages may be trebled, plus the costs of this action and attorneys' fees.

**COUNT II**
**BREACH OF FRANCHISE AGREEMENT - SPECIFIC PERFORMANCE**

36. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 35 above.

37. As a result of the termination of Dunlap's franchise, ATI is also entitled to specific performance of Section 19.1 of the Franchise Agreement, which requires Defendant to, among other things, discontinue all use of the AAMCO name and trademark, surrender to ATI all items containing the AAMCO name and trademark, and transfer to ATI any and all telephone numbers listed under the AAMCO name.

38. Section 19.1 of the Franchise Agreement further provides that for a period of one year following termination, Defendant will not, directly or indirectly, engage in the transmission repair business within a radius of 10 miles of the Center.

39. Although Defendant's franchise has been terminated, Defendant continues to operate a transmission repair business at the Center in violation of the covenant not-to-compete contained in the Franchise Agreement and in violation of ATI's trademark rights as stated in Count I above.

40. By continuing to conduct a transmission repair business in violation of the covenant not-to-compete, Defendant has misappropriated the goodwill generated under the AAMCO name by using the same phone number advertised in the telephone yellow pages as has been previously advertised and in use under the AAMCO name.

41. Defendant's failure to honor the procedures after termination stated in Section 19.1 of the Franchise Agreement and his conduct in continuing a transmission repair business at the Center in violation of the covenant not-to-compete interferes with ATI's ability to develop the market, retain the goodwill and re-establish the presence of the AAMCO name in this market, causing ATI irreparable harm.

42. ATI has no adequate remedy at law for damages, and unless specific performance of the procedures after termination and covenant not-to-compete is ordered and injunctive relief granted to restrain Dunlap's violation of the covenant not-to-compete, ATI will continue to suffer irreparable harm.

**COUNT III**
**COMMON LAW UNFAIR COMPETITION**

43. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 42 above.

44. Defendant's conduct is in violation of the common law of unfair competition in that he is:

(a) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods and services in connection with his conduct of business at the Center;

(b) Causing likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification by ATI of his conduct of business at the Center; and,

(c) Representing to the public that the business conducted at the Center has ATI's approval, which it does not.

45. These acts by Defendant have been committed willfully and with full knowledge of the refusal of ATI to authorize the sale of goods and services at the Center; and with the intention of deceiving and misleading the public.

46. Defendant's unlawful trade practices will irreparably harm and injure ATI's trademarks, trade name, reputation and goodwill.

47. ATI is without an adequate remedy at law.

**COUNT IV**
**BREACH OF CONTRACT**

48. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 47 above.

49. Pursuant to the Franchise Agreement, Defendant was required to pay to ATI five percent (5 %) of the gross receipts of the Center for the preceding week.

50. Pursuant to the Franchise Agreement, Defendant was to pay ATI a proportionate share of the cost of creating certain advertising, including internet advertising, in accordance with formulas provided by the AAMCO National Creative Committee.

51. Pursuant to the Franchise Agreement, Defendant is required to participate in the AAMCO warranty program and to honor his warranty commitments to customers.

52. As an additional service under the Franchise Agreement, ATI provides Defendant with the opportunity to buy certain parts, equipment and supplies through its "Parts Department" on credit. Defendant has availed himself of this service.

53. Pursuant to the Franchise Agreement, ATI is also entitled to interest on all amounts due and owing under the said agreement in the amount of 18% per annum, as well as the costs and attorneys' fees in pursuing collection.

54. Defendant has an unpaid balance that has accrued under the Franchise Agreement, which balance remains due and owing to ATI in the sum of $17,267.74. This sum is comprised of the following:

| | | |
|---|---|---|
| Parts Account | $ | -156.39 |
| Warranty Work | | 699.68 |
| Franchise Fees | | |
| Reported | | 9,008.42 |
| Estimated[1] | | 3,707.97 |
| National Creative Adv. | | 1,342.38 |
| National Internet Adv. | | 18.93 |
| 1 800 GO AAMCO | | 32.89 |
| Interest | | 2,613.86 |
| | $ | 17,267.74 |

55. ATI has incurred and continues to incur attorneys' fees and costs in enforcing the Franchise Agreement.

56. Despite ATI's demands, Defendant has failed and refused, and continues to fail and refuse, to pay the monies due and outstanding to ATI.

## COUNT V – COSTS AND ATTORNEYS' FEES

57. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 56 above.

[1] Defendant has failed to remit four (4) weekly business reports for the weeks ending 7/12/08 and 5/28/11 through 6/11/11, along with the applicable franchise fees. Accordingly, the franchise fees due and owing for these four (4) business reports have been estimated.

58. Pursuant to Section 14.1 of the Franchise Agreement, Defendant agreed to pay all costs incurred by Plaintiff in collecting money owed under the Franchise Agreement, including attorneys' fees.

59. Pursuant to Section 21.5 of the Franchise Agreement, Defendant agreed to pay all costs incurred by Plaintiff in bringing this action, including attorneys' fees.

60. Pursuant to 15 U.S.C.A. §1117, ATI is entitled to recover the costs of this action and attorneys' fees.

61. Plaintiff ATI has incurred and continues to incur attorneys fees in the pursuit of this action.

**COUNT VI – DECLARATORY JUDGMENT**

62. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 61 above.

63. Pursuant to 28 U.S.C. §2201 and 42 Pa.C.S. §7533, this Court has jurisdiction to determine disputes between Plaintiff and Defendant concerning the validity, formation, operation and termination of the Franchise Agreement.

64. A dispute exists between Plaintiff and Defendant as to whether Defendant is in default of the Franchise Agreement and as to the expiration of the Franchise Agreement.

65. Plaintiff did properly register, sell and enter into the Franchise Agreement with Defendant and obeyed all applicable laws.

66. Plaintiff has performed all of its obligations under the Franchise Agreement and has not negligently or willfully caused any damage to Defendant.

67. Plaintiff has properly determined that Defendant was in violation of the Franchise Agreement as he has, inter alia, failed to honor his post termination obligations under the

Franchise Agreement specifically including his obligation to de-identify and cease competing from the former Center location.

68. Plaintiff may/has properly terminated the Franchise Agreement.

RELIEF SOUGHT

WHEREFORE, based on the forgoing causes of action, ATI requests the following relief:

A. That Defendant, his officers, agents, servants, employees and those persons in active concert or participation with him, be preliminarily and permanently enjoined and restrained from:

> (i) using in any manner, including without limitation on or in any signs, stationery, letterheads, forms, printed matter or advertising, the proprietary marks "AAMCO", "AAMCO Transmissions" or similar names or marks;
>
> (ii) advertising or otherwise holding themselves out, directly or indirectly, as an authorized franchisee of ATI or as being in any way sponsored by or connected or associated with ATI; and
>
> (iii) doing anything to cause potential purchasers of transmission repair services to believe that any services or repairs performed by Defendant or any business with which he is associated originate with ATI or are endorsed or sponsored by ATI.

B. That Defendant deliver to ATI or to persons designated by the Court all materials, including without limitation signs, stationery, letterhead, forms, printed matter and advertising, which contain the proprietary marks "AAMCO", "AAMCO Transmissions", or similar names or marks.

C. That Defendant transfer to ATI or at ATI's direction, each telephone number listed by him under the designation "AAMCO Transmission" or any similar designation, including (757) 424-6444 and any other telephone number(s) which link to former and current local Yellow Page ads for "AAMCO Transmission", and execute any instruments and take such steps as may be necessary or appropriate to transfer each such telephone number and if he shall

fail to do so, that counsel for ATI be designated by the Court as his attorney-in-fact to execute such documents in his name and in his place.

D. That Dunlap be ordered to provide an accounting pursuant to 15 U.S.C.A. §1117(a), of his profits at the Center after June 5, 2011, and that these profits be awarded to ATI, along with all other damages for Defendant's violation of ATI's trademark rights, trebled in accordance with 15 U.S.C.A. §1117(a).

E. That Defendant be ordered to honor the covenant not-to-compete contained in the Franchise Agreement, by ceasing to operate a transmission repair center for one year at or within ten (10) miles of the location of the former Center.

F. That Defendant be ordered to file with the Court and to serve on ATI within thirty (30) days after the issuance of any preliminary and/or permanent injunction herein, a report in writing, under oath, setting forth in detail the measures undertaken by Defendant to comply herewith.

G. That the Court enter a money judgment in favor of ATI and against Defendant for breach of contract damages for a sum to be determined but in excess of seventeen thousand two hundred sixty seven dollars and seventy four cents ($17,267.74).

H. That the Court enter Declaratory Judgment that:

(i). Plaintiff did properly register, sell and enter into the franchise agreements with Defendant and obeyed all applicable laws;

(ii). Plaintiff has performed all of its obligations under the Franchise Agreement and has not negligently or willfully caused any damage to Defendant;

(iii). the Franchise Agreement has terminated by way of expiration;

(iv). Defendant must comply with all provisions of Section 19.1 of the Franchise Agreement; and

(v). Plaintiff may remove the telephone number (757) 424-6444, and any other telephone number(s) which link to former and current local Yellow Page ads for "AAMCO Transmission."

I. That ATI be awarded its reasonable attorneys' fees, costs of court and all other and further relief to which it may be entitled.

William B. Jameson
Attorney ID. # 58949
Attorney for Plaintiff
AAMCO Transmissions, Inc.
201 Gibraltar Road
Horsham, Pennsylvania 19044
(610) 668-2900