IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AAMCO TRANSMISSIONS, INC., )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>JAMES M. DUNLAP, )<br>)<br>Defendant. )<br>) | Case No. 2:11-cv-04009-BMS |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION**

This motion presents one issue for this Court:

    Where the parties by agreement have stipulated that "all disputes, controversies or claims arising out of or relating to" their Franchise Agreement "shall be settled by binding arbitration", should this Court dismiss this action and order arbitration of the claims asserted in this case?

The answer is an unequivocal yes. The applicable principles of the Federal Arbitration Act ("FAA") require no less.

FACTS

For over 30 years, Defendant James M. Dunlap ("Dunlap") has operated an AAMCO Transmission center in Chesapeake, Virginia pursuant to a franchise agreement with AAMCO Transmissions, Inc. ("AAMCO"). The original 1981 Agreement ("1981 Franchise Agreement"), a copy of which is Exhibit A to the Affidavit of Brian O'Donnell, attached to AAMCO's Motion for Preliminary Injunction, provided a limited right to arbitration. (See Document 4-2 at 8.) In particular it provided at paragraph 22.1, Arbitration, that arbitration was required for:

> "(1) Disputes concerning adjustments and/or deductions made by AAMCO from Franchisee's security deposit to settle customer complaints arising from the operation of Franchisee's shop; (2) Disputes concerning Franchisee's responsibility for warranty work, the payment therefor and all other aspects of AAMCO's inter shop program; (3) Disputes concerning Franchisee's participation in national and/or local advertising programs, including but not limited to, Franchisee's responsibility for payment of national and/or local advertising contributions; (4) Disputes concerning Franchisee's payment of resale commissions or other commissions to AAMCO. (See Document 4-2 at 14).

That all changed by agreement as of November 14, 1988. In an Amendment to the 1981 Franchise Agreement of that date, section 22.1 was deleted. Inserted in its place, was very broad language that "all disputes, controversies or claims arising out or relating to this Agreement shall be settled by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association. . ." (See Document 4-2 at 19) ("1988 Amendment").

The 1981 Franchise Agreement expired on June 5, 1996. Over the next few months, Dunlap and AAMCO participated in a number of discussions regarding the relationship between the parties and whether the Franchise Agreement should be extended. (See Declaration of James Dunlap ("Dunlap Decl.") attached hereto as Exhibit 1 at ¶ 4) . Dunlap asserted that, because AAMCO had not provided one year notice of non-renewal as required by paragraph 16.1 of the 1981 Franchise Agreement, by operation of law it had been renewed for another 15 year period. (Id.) Ultimately, AAMCO conceded the point and on August 31, 1998, Warren Bereft – AAMCO's Manager of Franchise Administration – sent Dunlap new franchise documents that extended the term of the franchise until June 4, 2012. (Id.) That proposed agreement included an identical arbitration provision as that contained in the 1988 Amendment. (See Exhibit A to Dunlap Decl. at ¶ 22.1(b)). While no signed version of the 1998 revisions to the Franchise

2

Agreement have been located, the parties have continuously operated since that time in accordance with the provisions of that revised Agreement. (Dunlap Decl. at ¶ 5).

The claims asserted in this action, Count I, Trademark Infringement; Count II, Breach of Franchise Agreement – Specific Performance; Count III, Common Law Unfair Competition; Count IV, Breach of Contract; Count V, Costs and Attorney's Fees; and Count VI, Declaratory Judgment, all arise out of AAMCO's assertion that the 1981 Franchise Agreement has expired. Dunlap asserts alternatively, that the 1998 revised Agreement controls and that the Franchise Agreement for his Chesapeake, Virginia location does not expire until June 4, 2012.

## ARGUMENT

I. Procedural Basis for Motion

Pursuant to Rule 12(b)(6), of the Federal Rules of Civil Procedure and 9 U.S.C. §§ 3 and 4 of the Federal Arbitration Act, Dunlap asks this Court to dismiss this action and compel arbitration between the parties of the issues before this Court. In this Circuit, that is the appropriate course of action. *Nationwide Ins. Co. of Columbus, Ohio v. Patterson,* 953 F.2d 44, 45, n.1 (3rd Cir. 1991); *Runner v. Fleming Companies, Inc.*, 2001 WL541089 (E. D. Pa. May 18, 2001) ("[T]he Court of Appeals for the Third Circuit has made it crystal clear that motions to dismiss based upon arbitration agreements are to be filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Liberty Mut. Ins. Co. v. Ventimiglia*, 104 F.Supp. 2d 469, 470, (M.D. Pa. 2000). Moreover, if the Court finds there is a binding arbitration clause and that all of the claims asserted herein fall within its coverage, the appropriate action is dismissal, without prejudice. *Runner, supra*, 2000 WL at 2 citing *Sevs v. John Nuveen & Co., Inc.,* 146 F.3d 175, 179 (3rd Cir. 1998) and other cases in support.

> II. This Court Should Dismiss This Proceeding and Compel The Parties to Arbitrate Their Disputes.

This Circuit has long recognized a strong public policy in favor of arbitration – a policy embodied in the Federal Arbitration Act, 9 U.S.C. § 1, et seq. *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3rd Cir. 2009), quoting *Alexander v. Anthony Int'l, L.P.*, 341 F.3d 256, 263 (3rd Cir. 2003) ("It is well established that the Federal Arbitration Act (FAA), reflects a 'strong federal policy in favor of the resolution of disputes through arbitration.'").  The FAA provides that, as a matter of federal law, "[a] written provision" in a maritime or commercial contract showing an agreement to settle disputes by arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exists in law or in equity for the revocation of any contract." 9 U.S.C.§ 2.

Notwithstanding the strong federal policy favoring arbitration, this Court will not compel the parties to arbitrate pursuant to the FAA unless it has determined that "(1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement." *Century Indemnity Co. v. Certain Underwriters at Lloyds, London*, 584 F.3d 513, 524 (3rd Cir. 2009).

> A. The Franchise Agreement at Issue Contains a Broad Provision Requiring Arbitration.

In the original 1981 Franchise Agreement, the parties agreed to a limited right to arbitration.  (See Paragraph 22.1 in document 4-2 at 14.)  That changed by agreement on November 14, 1988.  On that date, the parties amended the Franchise Agreement, deleted prior Section 22.1 and inserted in its place an agreement that "all disputes, controversies or claims arising out of or relating to this Agreement shall be settled by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association. . ." (See

document 4-2 at 19).  The Amendment was signed by all parties and was supported by consideration in that the Amendment reduced the franchise fee to be paid by Dunlap from 9% to 5% of each week's gross sales.

The 1981 Franchise Agreement expired on June 5, 1996.  Over the next few months the parties participated in a number of discussions regarding the relationship between them and whether the Franchise Agreement should be extended.  Given that AAMCO had not provided one year's advance notice of its intent not to renew the Agreement as required by Paragraph 16.1 of the 1981 Franchise Agreement, Dunlap asserted that they had waived that right and that, by operation of law, the Agreement had been renewed for another 15 year period.  Apparently AAMCO ultimately conceded the point and in August 1998 under cover letter from Warren Bereft, AAMCO's Manager of Franchise Administration, AAMCO sent Dunlap multiple copies of a proposed renewal Franchise Agreement ("the 1998 Renewal Agreement").  That agreement provided that it would terminate on June 4, 2012.  While no signed copy of that agreement appears in either party's files, it is clear that they have operated under the terms of that 1998 Renewal Agreement since that time.

Of significance, here, is that the arbitration provision included in that 1998 Renewal Agreement is the same as that contained in the 1988 Amendment which was endorsed by all parties.

Dunlap contends that the 1998 Renewal Agreement is the operable Franchise Agreement between the parties because they consistently have operated in accordance with its terms and conditions for at least 13 years.  It is that agreement which provides that it expires in June 2012. On the other hand, AAMCO posits that the operable agreement is the 1981 Franchise Agreement, as amended in 1988.  Under its theory of the case, the Franchise Agreement expired

5

in June 2011.  Plainly the parties disagree as to the termination date of the franchise and it is that dispute which Dunlap submits must be determined by arbitration.  Indeed it is of no consequence with respect to the arbitrability issue whether the 1988 Amendment or the 1998 Renewal Agreement is in effect.  They both contain identical arbitration language.

Because AAMCO has sued on the Franchise Agreement which contains the 1988 Amendment requiring arbitration, it cannot be contended that there is no arbitration agreement in place between the parties.

> B. The Controversy at Issue Falls Within the Express Parameters of the Operable Arbitration Clause

Having determined that a binding arbitration clause exists between the parties, the second question for the Court is whether the claims at issue fall within the scope of that Agreement. *Century Indemnity Company*, 584 F.3d at 523.

The arbitration clause provides that "all disputes, controversies or claims arising out of or relating to this Agreement, shall be settled by binding arbitration. . ."  Pennsylvania courts have been clear that such language is broad enough to include virtually any claim, sounding in tort or contract that is related to the agreement in any way.  *Shaddock v. Christopher J. Kaclik, Inc.,* 713 A.2d 635, 637 (Pa. 1998)

> [The arbitration agreement] is framed in the broadest conceivable language from which it must be concluded that the parties intended the scope of the submission to be unlimited.  Whereas here, there is an unlimited arbitration clause, any dispute which may arise between the parties concerning the principle contract is to be settled pursuant to its terms.

Id. at 638, quoting *Borough of Ambridge Water Authority v. Columbia,* 328 A.2d 498, 501 (Pa. 1974).  See also *Pittsburgh Logistics Systems, Inc. v. Professional Transportation and Logistics, Inc.,* 803 A.2d 776 (Pa. 2002).

6

Plainly, all of the disputes in this case arise out of or relate to the Franchise Agreement. It is that Agreement which provides a license to Dunlap to use the AAMCO trademarks. And it is the continued use of those trademarks after the alleged expiration of the term of the Franchise Agreement that serves as the basis for AAMCO's claims. It would be hard to conceive of any claims AAMCO could make against Dunlap that would be more central to the terms of the Franchise Agreement than the interpretation of its provisions.

Accordingly, given that the parties have expressed a clear preference for arbitration relating to disputes such as those extant, under 9 U.S.C. §§ 3 and 4, Dunlap asks this Court to dismiss this proceeding and compel the parties to arbitrate their disputes.

III.  Dunlap Has Not Waived His Right to Seek Arbitration of This Dispute.

Dunlap anticipates that AAMCO will assert that he has waived his right to compel arbitration in this matter. The argument should fail.

In this Court, "prejudice is the touchstone for determining whether the right to arbitrate has been waived by litigation conduct." *Ehleiter v. Grapetree Shores, Inc.,* 482 F.3d 207, 222 (3rd Cir. 2007) quoting *Hoxworth v. Blinder, Robinson & Co., Inc.,* 980 F.2d 912, 925 (3rd Cir. 1992) (citing numerous factors a court can consider in determining whether prejudice exists). And "waiver will normally be found only 'where the demand for arbitration came long after the suit commenced and when both parties had engaged in extensive discovery'". *Ehleiter, supra*, at 223, quoting *Paine Webber Inc. v. Faragalli*, 61 F.3d 1063, 1068-69 (3rd Cir. 1995).

Here, Dunlap has asserted a right to arbitration in both of the initial pleadings filed on his behalf in this case, the Opposition to AAMCO's Motion for Preliminary Injunction and this motion. No discovery has been served by either party. Accordingly, there can be no prejudice associated with Dunlap's action in this case.

Neither is arbitration waived because Dunlap filed a counterclaim in certain earlier litigation between the parties. Any such waiver would have applied only to that dispute – not to the current dispute over the proper termination date of the franchise. *See, e.g., Grumhaus v. Comerica Securities, Inc.,* 223 F.3d 648, 652 (7th Cir. 2000) ("We agree that different claims may arise from a common factual basis, and that in one claim, a party may wish to waive arbitration while preserving that right in the other."); *Doctor's Associates, Inc. v. Distajo,* 107 F.3d 126, 133 (2d Cir. 1997) ("only prior litigation of the same legal and factual issues as those the party now wants to arbitrate results in waiver of the right to arbitrate").

## CONCLUSION

For the foregoing reasons, Dunlap respectfully requests that this Court grant his motion, dismiss this case without prejudice and order the parties to pursue their dispute in arbitration.

JAMES M. DUNLAP

By counsel

/s/ Thomas C. Regan
(electronically signed)

Thomas C. Regan, Esq.
**LeClair Ryan**
Two Penn Plaza East
Newark, NJ 07105
Telephone No. (973) 491-3600
Thomas.Regan@leclairryan.com
*Counsel for Defendant*

W. Michael Holm (Va. Bar # 21035)
**LeClair Ryan**
2318 Mill Road, Suite 1100
Alexandria, VA  22314
Telephone No. (703) 647-5927
Michael.Holm@leclairryan.com
*Of counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this pleading was served electronically via the court's ECF system on:

William B. Jameson
AAMCO Transmissions, Inc.
201 Gibraltar Road, Suite 150
Horsham, PA 19044

/s/ Thomas C. Regan
(electronically signed)

Thomas C. Regan, Esq.
**LeClair Ryan**
Two Penn Plaza East
Newark, NJ 07105
Telephone No. (973) 491-3600
Thomas.Regan@leclairryan.com
*Counsel for Defendant*