IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION - LAW

| | |
|---|---|
| AAMCO TRANSMISSIONS, INC. | : |
|     Plaintiff, | : |
|   v. | : |
| JAMES M. DUNLAP | :  No. 2:11-cv-04009-BMS |
|     Defendant. | : |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
A REPLY BRIEF TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff, AAMCO Transmissions, Inc. ("ATI"), by and through counsel, respectfully move this Court for leave to file a Reply Brief in connection with its Motion for Preliminary Injunction. A Reply Brief is necessary to rebut issues and points of law raised by Defendant in his Opposition to Plaintiff's Motion that are not discussed in ATI's initial moving papers.

This Motion is supported by the Reply Brief, and the Memorandum in support of motion for leave to file the Reply Brief submitted herewith.

Wherefore, ATI respectfully requests that the Court grant its Motion for leave to file a Reply Brief.

                                                          Respectfully submitted,

07/19/11                                               /s/ William B. Jameson
DATE                                                 William B. Jameson, Esquire
                                                        Attorney for Plaintiff
                                                        AAMCO Transmissions, Inc.
                                                        201 Gibraltar Road, Suite 150
                                                        Horsham, PA 19044
                                                        (610) 668-2900

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION - LAW

| | |
|---|---|
| AAMCO TRANSMISSIONS, INC. : | |
|     Plaintiff, : | |
| v. : | |
| JAMES M. DUNLAP : | No. 2:11-cv-04009-BMS |
|     Defendant. : | |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR LEAVE TO
FILE A REPLY BRIEF TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff, AAMCO Transmissions, Inc. ("ATI"), by and through counsel, respectfully move this Court for leave to file a Reply Brief in connection with its Motion for Preliminary Injunction.

**I.     ARGUMENT**

ATI should be granted leave to file a Reply Brief in support of its Motion for Preliminary Injunction because the Defendant's Memorandum of Law in Opposition to ATI's Motion (doc. no. 6) raises numerous issues and legal authorities that are not adequately addressed in ATI's initial moving papers. The matters raised in ATI's Motion and Defendant's Opposition to the Motion involve complicated legal issues and analysis. It would serve the interests of justice and aid the Court in its evaluation of the numerous issues raised in ATI's Motion if ATI's Motion for Leave to File a Reply Brief were granted. In further support of ATI's Motion, ATI submits its proposed Reply Brief which contains additional authority and legal argument to aid the Court in its consideration of the issues raised in ATI's Motion.

Wherefore, ATI respectfully requests that the Court grant its Motion for Leave to File a Reply Brief.

                                                               Respectfully submitted,

| | |
|---|---|
| 07/19/11 | /s/ William B. Jameson |
| DATE | William B. Jameson, Esquire |
| | Attorney for Plaintiff |
| | AAMCO Transmissions, Inc. |
| | 201 Gibraltar Road, Suite 150 |
| | Horsham, PA 19044 |
| | (610) 668-2900 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**CIVIL ACTION - LAW**

| | |
|---|---|
| AAMCO TRANSMISSIONS, INC. : | |
|     Plaintiff, : | |
|   v. : | |
| JAMES M. DUNLAP : | No. 2:11-cv-04009-BMS |
|     Defendant. : | |

**CERTIFICATE OF SERVICE**

William B. Jameson, hereby certifies that he did serve on this 19th day of July, 2011, the attached Plaintiff's Motion for Leave to File a Reply Brief to Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction, along with proposed Reply Brief and supporting documents, upon the below identified counsel via U.S. Mail, postage prepaid:

> Thomas C. Regan, Esq.
> LeClair Ryan
> Two Penn Plaza East
> Newark, NJ 07105

07/19/11                                 /s/ William B. Jameson
DATE                                     William B. Jameson, Esquire
                                             Attorney for Plaintiff
                                             AAMCO Transmissions, Inc.
                                             201 Gibraltar Road, Suite 150
                                             Horsham, PA 19044
                                             (610) 668-2900

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION - LAW**

| | |
|---|---|
| AAMCO TRANSMISSIONS, INC. : | |
|     Plaintiff, : | |
| v. : | |
| JAMES M. DUNLAP : | No. 2:11-cv-04009-BMS |
|     Defendant. : | |

**PLAINTIFF'S REPLY BRIEF TO DEFENDANT'S OPPOSITION TO
<u>PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION</u>**

**I.   ARGUMENT**

    **A.   Dunlap is judicially estopped from disputing that the
    Franchise expired on June 4, 2011.**

In recent prior litigation before this Court captioned, *AAMCO Transmissions, Inc. v. Dunlap*, U.S.D.C. (E.D.Pa.), civil action no. 07-00562 (TJS) (hereinafter, the "Prior Action"), ATI brought claims against Dunlap substantially similar to those set forth in the instant action – i.e., trademark infringement, unfair competition, and breach of the Franchise Agreement. *See* Declaration of William B. Jameson attached hereto. In the Prior Action, ATI had terminated the Franchise Agreement based upon Dunlap's failure to pay sums due and owing. *Id*.

In the Prior Action, like in the instant action, Dunlap refused to recognize the termination of his Chesapeake Franchise and continued to operate under the AAMCO trademark. *Id*. In the Prior Action, like the instant action, ATI was forced to file a Motion for Preliminary Injunction seeking to have Dunlap enjoined from continuing to operate a competing transmission repair business using ATI's marks at the Chesapeake location. *Id*.

The Prior Action however was resolved when, Dunlap, after stating in a sworn affidavit filed with the Court that the 1981 Franchise Agreement did, in fact, "renew" for

an additional term "expiring in 2011," executed a settlement agreement premised on a June 2011 expiration for the Chesapeake Franchise (the "Settlement Agreement"). Specifically, on July 17, 2007, the parties executed the Settlement Agreement wherein Dunlap agreed that:

> As of the date of this Agreement, the AAMCO franchise agreements are reinstated for a period not longer than the remaining term of the respective AAMCO franchise agreements (November 29, 2008 for the Portsmouth, VA AAMCO center and June 5, 2011 for the Chesapeake, VA AAMCO center) for the limited purpose of permitting Mr. Dunlap to operate the centers so that they can be sold as AAMCO centers to third party purchasers.

*Id.* The Settlement Agreement in the Prior Action was intensely negotiated between the parties' respective counsel before being fully executed by the parties and becoming a legally binding document that formed the basis of the Court's order of dismissal. *Id*.

Dunlap's stated position in the instant action – i.e., that the Settlement Agreement "misstates the duration" of the Chesapeake franchise, and that "the correct termination date for the Chesapeake Center is June 5, 2012" – is irreconcilably inconsistent with his sworn affidavit, dated March 6, 2007, that he filed in the Prior Action along with his opposition to ATI's motion for preliminary injunction (the "Dunlap Affidavit"). *See* copy of Dunlap Affidavit at Ex. "A" of Jameson Dec. filed herewith. The Dunlap Affidavit, which formed the basis of Dunlap's opposition to ATI's then pending motion for preliminary injunction, expressly states that the 1981 Franchise Agreement automatically renewed pursuant to its terms, and would not expire until June, 2011. *Id*. This was central to Dunlap's argument in the Prior Action because Dunlap claimed that he had cured his payment defaults and therefore was still entitled to operate using ATI's trademark under the 1981 Franchise Agreement which remained operative. *Id*. Specifically, the Dunlap Affidavit reads in pertinent part as follows:

> I, James M. Dunlap, being duly sworn according to law hereby depose and state:
>
> 1. The factual statements contained herein are based on my personal knowledge and I am fully competent to testify in Court to these facts.
>
> ….
>
> 6. By a franchise agreement dated June 5, 1981, I opened a second AAMCO franchise located at 1366 South Military Highway, Chesapeake, Virginia 23320 (the "Chesapeake Center").
>
> ….
>
> 34. …AAMCO allowed the franchise agreement to renew per its terms for an additional 15 year period, expiring in 2011.

*Id*. Nowhere in the Dunlap Affidavit is there any reference to the so called "1998 Renewal Agreement" relied upon in Dunlap's opposition to the current pending motion for preliminary injunction.

Under the doctrine of judicial estoppel, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory. *Krystal Cadillac-Oldsmobile v. General Motors Corp.*, 337 F.3d 314 (3rd Cir. 2003). Judicial estoppel focuses on the relationship between the litigant and the judicial system, and seeks to preserve the integrity of that system. *Haines & Kibblehouse, Inc. v. Balfour Beatty Const., Inc.*, --- F.Supp.2d --- (E.D.Pa. 2011). Accordingly, a party is judicially estopped if (1) the litigant has taken two positions that are irreconcilably inconsistent; (2) the litigant changed his position with the intention of playing fast and loose with the court; and (3) the estoppel is tailored to address the harm that is identified. *Ibid*.

In this case, there can be no doubt that Dunlap has taken two positions that are irreconcilably inconsistent. Dunlap's current position that (a) the Settlement Agreement "misstates the duration" of the Chesapeake franchise, and (b) "the correct termination date for the Chesapeake Center is June 5, 2012," is completely at odds with the position

he made under oath in the Prior Action to gain a settlement from ATI and an order of dismissal from this Court.  Similarly, under these circumstances, it is readily apparent that Dunlap is playing fast and loose with this Court.  The actions of Dunlap are duplicitous, self serving and without explanation of any kind.  Not only has Dunlap made no attempt in his opposing brief to explain the inconsistency in his positions, he has purposely ignored the issue altogether.[1]  Finally, estopping Dunlap from denying that June 4, 2011 is the true expiration date of the Chesapeake Franchise, does not prohibit Dunlap from asserting any other defenses that are not bogus.  Accordingly, a finding of estoppel on this limited issue would be appropriately tailored and equitable.

To achieve a settlement and get a dismissal order issued by this Court in the Prior Action, Dunlap has argued and acknowledged that the Franchise would expire in June of 2011.  Justice now requires that Dunlap be judicially estopped from subverting the integrity of the judicial system by arguing in direct contrast to that position.

### B. The parties expressly agreed that the Franchise would expire on June 4, 2011.  There was never an agreement that the Franchise would expire on June 4, 2012.

Relying solely on an unexecuted document that never became operative, Dunlap argues that there was an agreement between the parties that the expiration of his franchise would be June 4, 2012.  In reality, no such agreement ever existed. Dunlap's argument is pure fiction.

The Franchise Agreement that Dunlap executed on June 5, 1981 had an initial term of fifteen (15) years and expressly provided:

---

[1] This is true notwithstanding that ATI, through its General Counsel, expressly put Dunlap on notice of his inconsistency in a letter dated July 6, 2011, a copy of which is attached at Ex. "B" to the Jameson Declaration filed herewith.

> Unless either party gives written notice of its intention not to renew the agreement at least one (1) year prior to the expiration of the fifteen (15) year term, then this Franchise shall be renewed for fifteen (15) years.

*See* §16.1 at Doc. 4-2, p. 13 of 31. There can be no doubt or dispute as to the plain meaning of this language. Nor can there be any dispute as to the math involved – i.e., an agreement dated June 5, 1981, after two (2) consecutive fifteen (15) year terms, expires at the end of business on June 4, 2011.

Although Dunlap admits that there was no nonrenewal notice issued between the first and second terms of the Franchise Agreement that would interfere with automatic renewal,[2] Dunlap argues in his Opposition Memorandum that the 1981 Franchise Agreement nevertheless "expired" and that, later, "the parties agreed to a renewal" which was memorialized in a document sent to him by Warren Berest. As Dunlap however does not deny, the document sent to him by Mr. Berest was never executed and returned to ATI by Dunlap.[3] *See* Declaration of Warren Berest attached hereto.

As Dunlap references in his Declaration, ATI wanted Dunlap to execute a probationary year-to-year franchise agreement. *See* Dunlap Dec., Doc. 6-1, ¶ 4, p.2 of 4. This position by ATI was based on Dunlap's long history of nonpayment and procedural noncompliance under the 1981 Franchise Agreement. *See* Berest Dec. attached. When Dunlap later became aware of the automatic renewal language in the 1981 Franchise Agreement, however, he realized that because there was an automatic renewal, he did not need to execute the year-to-year agreement – or, for that matter, the document sent to him by Mr. Berest. *See* Dunlap Dec., Doc. 6-1, ¶ 4, p.2 of 4.

---

[2] *See* ¶ 4 at ECF Doc. 6-1, p. 2 of 4.
[3] By virtue of his glaring failure to affirmatively state that he executed the Berest document, Dunlap tacitly acknowledges that the Berest document simply never became operative.

Not only did Dunlap *not* sign and return the Berest document, ATI never signed the said document either. *See* Berest Dec. attached. Indeed, if Dunlap had signed the Berest document and sent it back to ATI (which he did not), ATI would not likely have agreed to counter-execute the document. *Id*. As is made clear in Mr. Berest's cover letter, there were several other procedural items that ATI required Dunlap to successfully accomplish as part of the "process," which procedural items Dunlap refused and failed to address. *Id*. The Berest document never became operative because neither party elected to execute the document, and, accordingly, any expiration date contained therein is meaningless.

The facts before the Court are unassailable. On June 5, 1996, the Franchise Agreement automatically renewed in accordance with its terms for an additional fifteen (15) years (i.e., through June 4, 2011). In July of 2007, after litigating the Franchise Agreement, the parties entered into a legally binding Settlement Agreement that expressly confirmed that the Franchise Agreement would expire in June of 2011.

Dunlap's franchise has expired and ATI is entitled to prompt injunctive relief to preserve the status quo – i.e., protection from trademark infringement by Dunlap and further breach of the post termination covenants, including the non-compete covenant.

**C.     Dunlap will not incur undue harm by granting the requested injunctive relief because the so called "devastation" to his business was foreseeable, avoidable and the result of his own actions/inactions.**

On July 11, 2007, after his attorney thoroughly negotiated the settlement, Dunlap executed the Settlement Agreement and agreed to sell his Chesapeake Center and leave the ATI franchise system on or before June 5, 2011. *See* Jameson Dec. In other words, Dunlap, through his attorney, negotiated a nearly *four (4) year window* to sell his

Chesapeake Center and move on with his life. Dunlap's dramatic argument that his business "will be devastated if he is forced to shed his AAMCO affiliation overnight" is disingenuous and wholly undermined by his own failure to abide by his contractual promise to sell his Center.

Moreover, Dunlap's dramatic prediction that his business will be "fatally effected" by enforcement of the post termination covenants ignores that Dunlap, under the Franchise Agreement, is only prohibited from performing transmission related repairs, and is *not* prohibited in any way from engaging in any one of a myriad of other types of automotive repair businesses that his business is suited for, such as brake repair, engine repair, muffler repair/replacement, oil change and lube, etc. The requested preliminary injunction should issue because the harm inflicted upon ATI outweighs the potential harm to Defendant which is limited in nature.

> **D. The harm that ATI is incurring while Dunlap continues to hold himself out as a bona fide AAMCO franchisee is irreparable and merits preliminary injunctive relief regardless of the arbitration provision at issue.**

Setting aside for the moment that Dunlap has waived application of the arbitration provision in the Franchise Agreement,[4] Dunlap's argument that public policy requires this Court to turn its back on a party incurring irreparable harm at the hands of a trademark infringer who is unfairly competing is simply not an accurate statement of the law. To the contrary, the Third Circuit has held that a district court has the authority and responsibility to grant injunctive relief in an arbitrable dispute, provided that the

---

[4] While this argument will be fully briefed in ATI's response to Dunlap's pending Motion to Dismiss and Compel Arbitration, it is noted here that Dunlap waived application of the arbitration provision in the Prior Action and proceeded with asserting a counterclaim against ATI. Before the case resolved, the parties engaged in motion practice and substantial discovery on their respective positions. *See* Jameson Dec.

traditional prerequisites for such relief are satisfied. *Ortho Pharmaceutical Corp. v. Amgen, Inc.*, 882 F.2d 806 (3rd Cir. 1989). Specifically, the *Ortho* Court opined:

> If the existing status quo is currently causing one of the parties irreparable injury and thereby threatens to nullify the arbitration process, then it is necessary to alter the situation to prevent the injury. *See Canal Auth. Of the State of Florida v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974) (in remanding case to district court, appellate court cautioned that "focus always must be on prevention of injury by a proper order, not merely on preservation of the status quo.").

*Id*. at 814. The rule set forth in *Ortho* speaks directly to the irreparable injury flowing to ATI in this matter (which irreparable harm will continue indefinitely if left unchecked); *not* the alleged harm to Dunlap naturally flowing from his own refusal to honor the Settlement Agreement he executed. Moreover, notwithstanding Dunlap's attempt to distinguish the holding in *S&R Corp. v. Jiffy Lube* based on some factual differences in the underlying case, the Third Circuit was very clear as to its legal holding:

> We find that the district court here erred in failing to address the termination dispute….Once a franchise is terminated, the franchisor has the right to enjoin unauthorized use of its trademark.

*S&R Corp. v. Jiffy Lube Intern., Inc.,* 968 F.2d 371, 375 (3rd Cir. 1992). In this case, Dunlap's continuing unfair competitive conduct in violation of both the Lanham Act and the post termination covenants of the Franchise Agreement is highly likely to cause consumer confusion, and other forms of irreparable harm, about Dunlap's affiliation with AAMCO. As such, ATI is entitled to preliminary injunctive relief while this case is resolved in further proceedings.

## II.  CONCLUSION

Based upon the foregoing arguments and authorities, AAMCO Transmissions, Inc. requests this Honorable Court to grant its Motion for Preliminary Injunction and

enter an Order enjoining Defendant from using the AAMCO marks and unfairly competing with ATI.

                                          Respectfully submitted,

_____                          _____
DATE                                    William B. Jameson, Esquire
                                          Attorney for Plaintiff
                                          AAMCO Transmissions, Inc.
                                          201 Gibraltar Road, Suite 150
                                          Horsham, PA 19044
                                          (610) 668-2900