IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION - LAW

| | | |
|---|---|---|
| AAMCO TRANSMISSIONS, INC. | : | |
|     Plaintiff, | : | |
|     v. | : | |
| JAMES M. DUNLAP | : | No. 2:11-cv-04009-BMS |
|     Defendant. | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION**

Plaintiff, AAMCO Transmissions, Inc. ("ATI"), by and through its undersigned counsel, hereby sets forth this Memorandum of Law in opposition to the motion of Defendant James M. Dunlap ("Dunlap") to dismiss the instant action and compel arbitration, as follows:

**I.    FACTS**

The dispute at issue in this matter commenced on January 18, 2007, when ATI brought claim against Dunlap in Pennsylvania's Montgomery County Court of Common Pleas and filed its Complaint containing the same causes of action that ATI is asserting in the instant action – i.e., trademark infringement, breach of contract - specific performance, common law unfair competition, breach of contract, declaratory relief and damages and attorneys fees (hereinafter, the "2007 Litigation").  A true and correct copy of the complaint from the 2007 Litigation is attached hereto at Exhibit "A".  The dispute centered on Dunlap's refusal to acknowledge the validity of the termination of his Chesapeake AAMCO Transmission Center (hereinafter, the "Center," or the "Chesapeake Center") and his other center in Portsmouth.  Specifically, Dunlap "maintain[ed] that the termination of his franchises was not valid or effective and, therefore, ATI does not have the right to enforce the post-termination covenants." *See* Exhibit "C" hereto, p. 3.

On February 9, 2007, Dunlap removed the 2007 Litigation to this Court at case no. 2:07-cv-00562-TJS.[1]  *See* 2007 Litigation, ecf doc. no. 1.  On March 5, 2007, Dunlap filed an answer, affirmative defenses and counterclaim against ATI.  (ecf doc. no. 6)  On March 7, 2007, the parties exchanged initial disclosures.  *See* Ex. "B", p. 4.  On March 8, 2007, Dunlap filed his response in opposition to ATI's then pending motion for preliminary injunction.  (ecf doc. no. 9)  On March 9, 2007, Dunlap demanded a jury trial.  (ecf doc. no. 10)  On April 3, 2007, Dunlap filed an amended counterclaim against ATI (ecf doc. no. 17).

Although the 2007 Litigation, which included a fully briefed Motion for Preliminary Injunction, settled about seven (7) months after it began, it was intensely litigated with discovery issues constantly being raised and argued by Dunlap. On March 28, 2007, Dunlap and ATI jointly filed a Rule 26(f) meeting report wherein then pending and future discovery was discussed.[2]  (ecf doc. no. 14)  As stated in the Report, Dunlap made it clear that he had, and would continue, to push federal discovery rules to their limit:

> Mr. Dunlap, as defendant and counterclaimant, anticipates that he will want to take the depositions of up to twenty non-expert witnesses including based on Mr. Dunlap's initial disclosures (1) ATI's President and CEO, Todd P. Leff, (2) ATI's Senior Vice President of Operations, Brian O'Donnell, (3) ATI's Director of Financial Services, Gerald Ferrier, (4) ATI's Director of Franchise Administration, Gary W. Zimmerman, (5) ATI's Director of Consumer Affairs, Michael Pekula, (6) ATI's Field Auditor, Edward Boyle, (7) ATI's former Associate General Counsel, Karen Von Dreusche, (8) ATI's former General Counsel, Mary C. McMonagle, (9) ATI's former President, William Schnitzer, (10) the President of the National AAMCO Dealers Association, Michael Ganjei, (11) ATI's present franchisee for Portsmouth, Virginia, Joseph Turkowski, (12) ATI's present franchisee for Chesapeake, Virginia, Robert Villar, (13) ATI's former Operations Manager, Gary McBride, (14) ATI's former employee, Warren Berest, (15) ATI's present franchisee in Norfolk, Virginia, Chris Florian, (17) ATI's former employee, Robert Wynn, (18) a manager of AAMCO dealerships, Joseph Ross, (19) ATI's Financial

---

[1] For the Court's convenience, a true and correct copy of the Docket Sheet for the 2007 Litigation is attached hereto at Exhibit "B".
[2] For the Court's convenience, a true and correct copy of the Report is attached hereto at Exhibit "C".

>Services Consultant, Paul Dryden, and (20) ATI's former employee, Lyn Symanski.
>
>ATI has informed Mr. Dunlap that it believes that Mr. Dunlap's list of deposition witnesses is excessive and that ATI would object to and oppose an attempt by Mr. Dunlap to depose more than the ten witnesses permitted by Federal Rule of Civil Procedure 30(a)(2)(A).

*See* Ex. "C", pp. 5-6. On March 19, 2007, Dunlap propounded comprehensive document requests on ATI, to which ATI responded on April 18, 2007. Although ATI provided more than 4,000 document pages, Dunlap complained that he should also be provided correspondence, contracts and sales information with respect to other AAMCO franchisees not party to the case. *See* Jameson Declaration attached hereto. Ultimately, after repeated exchanges of correspondence and consulting with the Court, it was agreed that in order to protect ATI's interests and those of its franchisees, ATI would be provided with a protective order against unauthorized disclosure of confidential information. *Id*. On June 7, 2007, the parties submitted a stipulated protective order which was soon after executed and filed by the Court. (ecf doc. no.s 23-25).

The 2007 Litigation settled in July of 2007 after Dunlap agreed to sell his franchises and leave ATI's franchise system on or before expressly stated expiration dates. *See* Settlement Agreement, instant case at ecf doc. no. 4-2, pp. 22-24.[3] Unfortunately, Dunlap thereafter promptly ignored his obligations under the Settlement Agreement; he neither sold his franchises nor honored the agreed upon expiration dates.[4] *See* Jameson Dec. attached. Because of

---

[3] A true and correct copy of the Settlement Agreement is attached hereto for the Court's convenience at Exhibit "D".
[4] Dunlap also reneged on the Settlement Agreement with respect to his Portsmouth franchise. Under the Settlement Agreement, Dunlap was required to sell or close his Portsmouth franchise on or before November 29, 2008. Dunlap, however did not sell the franchise and continued to operate the Portsmouth Center past the agreed upon expiration date and refused ATI's demands that Dunlap de-identify and honor the franchise agreement's post termination covenants. Ultimately, ATI was required to bring an action in this Court (case no, 2:10-cv-00611-SD). A copy of the docket sheet is attached hereto at Exhibit "E." Only then did Dunlap decide to close the center and cease operating. *See* Jameson Dec. attached. At no time during this process did Dunlap claim the Settlement

Dunlap's decision not to honor the Settlement Agreement, the instant action had to be commenced and picks up where the 2007 Litigation left off. Stated another way, the instant action is a continuation of the 2007 Litigation; the same issue is at bar in the same court, between the same parties, litigating the same causes of action (i.e., trademark infringement, breach of contract - specific performance, common law unfair competition, breach of contract, declaratory relief and damages and attorneys fees) involving the same continuing factual history.

At no time until just prior to filing his opposition to ATI's current pending motion for preliminary injunction, did Dunlap ever indicate to ATI that he intended to seek to compel arbitration with respect to the continuing dispute between the parties in this Court which dates back to February of 2007 – more than four and one half (4 ½) years ago. *See* Jameson Dec. attached.

## II. ARGUMENT

### A. **Dunlap has waived his right to compel arbitration.**

Whether a party has waived its right to compel arbitration must be based on the circumstances and context of the particular dispute. *Nino v. Jewelry Exchange, Inc.*, 609 F.3d 191 (3rd Cir. 2010). In determining whether a party has waived its right to arbitration, the court must focus on two key issues: (a) whether the moving party took actions that were inconsistent with an intent to seek arbitration, and (b) whether the nonmoving party will be prejudiced by a stay of judicial proceedings pending arbitration. *Touton, S.A. v. M/V Rizcun Trader*, 15 F.Supp.2d 669 (E.D.Pa. 1998), *In re After Six, Inc.*, 167 B.R. 35 (E.D.Pa. 1994). To resolve a 12(b)(6) motion, a district court is entitled to take judicial notice of the record in prior judicial proceedings. *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414 (3rd Cir. 1988),

---

Agreement was incorrect or inapplicable. *Id*. At no time during this process did Dunlap indicate an intention to seek to compel arbitration. *Id*.

4

*see also Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410 (3rd Cir. 1999). It is not appropriate to compel arbitration where the demand for arbitration comes long after the commencement of litigation and when both parties have engaged in extensive discovery. *Nino, supra.* at 214.

### i.   Dunlap's actions have been inconsistent with any intent to seek arbitration.

There can be no doubt that Dunlap's actions have been inconsistent with any intent to seek arbitration. Indeed, Dunlap removed this franchise dispute to this Court back in February of 2007, pled and re-pled a counterclaim, demanded a jury trial and fiercely pursued his questionable document production requests and other discovery issues. *See* Ex. "B". In the face of a continued bitter, drawn out and expensive litigation process, ATI settled with Dunlap and took Dunlap at his word when he promised to sell his Chesapeake franchise and leave the AAMCO system on or before June 5, 2011. *See* Ex. "D". Now, four (4) years later, Dunlap has reneged on the Settlement Agreement and litigation of the dispute has been recommenced in this Court. At no time during this period – that is, until just prior to filing his opposition to ATI's current pending motion – did Dunlap ever indicate to ATI, either verbally or by conduct, that he intended to seek to compel arbitration of this continuing dispute. *See* Jameson Dec. attached. Accordingly, it is beyond dispute that Dunlap has acted inconsistent with any intention to seek arbitration.

In that the factual history of this dispute establishes a clear pattern of Dunlap acting inconsistent with an intention to arbitrate, Dunlap of course seeks to avoid it altogether by arguing that the 2007 Litigation was a different dispute. This argument, however, is without merit. The central issue in dispute between the parties in the instant case is the same as it was when Dunlap first removed it to this Court in 2007– i.e., Dunlap "maintains that the termination

of his franchise[] was not valid or effective and, therefore, ATI does not have the right to enforce the post-termination covenants." *See* Exhibit "C," p. 3.  When the same issue is presented, it is appropriate to treat the cases as all one dispute.  *See* e.g., *Grumhaus v. Comerica Securities, Inc.*, 223 F.3d 648, 652 (7th Cir. 2000) ("[W]hen the same issues are presented, a party may not escape the effect of its waiver by minimally restyling the claim and presenting it for arbitration.").  Not only is the instant case about the same issue, it has been brought in the same court, between the same parties, litigating the same causes of action with respect to the same evolving factual history.  As such, the 2007 Litigation and the instant case are all one dispute for the purpose of determining whether Dunlap's actions have been inconsistent with an intent to seek arbitration – which they clearly have.

      **ii.**     **ATI will be prejudiced by having the dispute arbitrated.**

Dunlap's Motion to Dismiss and Compel Arbitration is his latest act in furtherance of a continued strategy of delay.  In 2007, Dunlap chose this Court to litigate his ongoing dispute with ATI because he wanted to continue operating his business as an AAMCO Transmission Center.  (2007 Litigation, ecf doc. no. 1)  He aggressively litigated the 2007 Litigation taking full advantage of this Court's discovery rules and procedures, and was able to negotiate a resolution that would allow him to remain in the AAMCO system until "June 5, 2011".  *See* Ex. "D".  Now, four and a half (4 ½ ) years later, Dunlap is changing his arguments to avoid and delay the Settlement Agreement and continue operating his business as an AAMCO Transmission Center.  The June 5, 2011 termination date under the Settlement Agreement has come and gone and now, two (2) months later, Dunlap continues to operate a competing business using ATI's "AAMCO" trademark from the former Center location.

The prejudice to ATI if Dunlap's Motion to Dismiss Case and Compel Arbitration were

to be granted is straight forward; Dunlap would be allowed, for some indefinite period of time while arbitration remains pending, to continue to operate his competing business using ATI's "AAMCO" trademark. Such a result would allow Dunlap to continue to benefit from his continued strategy of tactical delay while, at the same time, undeniably and irreparably harming ATI. *See, S & R Corp. v. Jiffy Lube Int'l*, 968 F.2d 371, 375 (3d Cir. 1992). Moreover, the prejudice to ATI by dismissing this case and compelling arbitration would not just be an irreparable harm to ATI's intellectual property rights, it would leave Dunlap free to continue to operate his business using ATI's "AAMCO" trademarks without paying franchise fees to ATI. Notwithstanding Dunlap's claim that he plans to continue to pay franchise fees to ATI while this dispute continues in arbitration, the fact is that he is currently in arrears to ATI in an amount in excess of $20,000[5] and, without the federal court relief that ATI is seeking, Dunlap will be free to continue to enjoy the benefits of the AAMCO marks without any contractual obligation to pay for their use.

The prejudice to ATI is substantive in nature and requires a finding that Dunlap has waived is right to compel arbitration.[6] In that the prejudice to ATI is real and substantial, this Court should find that Dunlap has waived his contractual right to arbitration and should deny Dunlap's Motion to Dismiss and Compel Arbitration.

> **B.  Dunlap is estopped from arguing that there was any agreement to arbitrate under the so called "1998 Renewal Agreement."**

Dunlap is estopped from arguing that he no longer recognizes the 1981 Franchise Agreement as the only franchise agreement between the parties. In the 2007 Litigation involving

---

[5] *See* Declaration of Diana Dieciedue filed herewith.

[6] Alternatively, should this Court be inclined to grant Dunlap the right to compel arbitration – a result which would be inequitable and unjust in light of Dunlap's history of tactical delay in this matter – this Court should, at the very least, retain jurisdiction of this case for the purpose of issuing ATI's requested preliminary injunctive relief while arbitration goes forward. A district court has the authority and responsibility to grant injunctive relief in an arbitrable dispute as long as the traditional prerequisites for such relief are satisfied. *Ortho Pharmaceutical Corp. v. Amgen, Inc.*, 882 F.2d 806 (3rd Cir. 1989).

the same parties and claims and virtually the same facts, Defendant Dunlap alleged, in a sworn affidavit dated March 6, 2007, that the 1981 Franchise Agreement "renew[ed] per its terms for an additional 15 year period, expiring in 2011." Further, in a joint report to this Court made pursuant to Federal Rule 26(f), Dunlap "contends that the franchise agreement for the Chesapeake Center renewed for an additional 15 year term in 1996;" and not 1998 as he now alleges. *See* Exhibit "C" hereto, p. 2.

ATI detrimentally relied on Dunlap's position in the 2007 Litigation and executed the Settlement Agreement with Dunlap premised on a June 2011 expiration for the Chesapeake Franchise. Dunlap's new position that the so called 1998 Renewal Agreement controls the parties' contractual relationship, including an alleged expiration date of June 2012, is irreconcilably inconsistent with his position in the 2007 Litigation, and ATI would be prejudiced if Dunlap were now allowed to argue his new position. As such, Dunlap is both judicially and equitably estopped from arguing that the so called 1998 Renewal Agreement controls the parties' contractual relationship, including an alleged expiration date of June 2012. *See* ATI's Reply Brief. *See also*, *Segal v. Struasser Enterprises, Inc.*, 2009 WL 4020803 (E.D.Pa.).

To the extent that Dunlap relies on the so called 1998 Renewal Agreement to establish an agreement to arbitrate between the parties, Dunlap's Motion to Dismiss and Compel Arbitration must fail.

C.  **Dunlap is not entitled to dismissal of this case.**

Even where there is no waiver or other reason not to enforce the agreement (which is not the case in the instant situation), a party to a valid and enforceable arbitration agreement is *not* entitled to a dismissal of federal court proceedings. To the contrary, a party in such a situation is entitled only to a stay of the federal court proceedings pending arbitration. *Nino v. Jewelry*

*Exchange, Inc.*, 609 F.3d 191 (3rd Cir. 2010). In that Dunlap does not alternatively request that the instant case be stayed, his Motion to Dismiss should be denied.

### III. CONCLUSION

Based on the forgoing arguments and authorities, Plaintiff ATI respectfully requests that this Court deny Defendant's Motion to Dismiss and Compel Arbitration.

                                       Respectfully submitted,

8/3/11                                          /s/William B. Jameson
DATE                                    William B. Jameson, Esquire
                                             AAMCO Transmissions, Inc.
                                             201 Gibraltar Road, Suite 150
                                           Horsham, PA  19044
                                           (610) 668-2900

**IN THE COURT OF COMMON PLEAS**
**MONTGOMERY COUNTY, PENNSYLVANIA**
**CIVIL ACTION - LAW**

| | |
|---|---|
| AAMCO TRANSMISSIONS, INC. : | |
|     Plaintiff, : | |
| v. : | |
| JAMES M. DUNLAP : | No. 2:11-cv-04009-BMS |
|     Defendant. : | |

**CERTIFICATE OF SERVICE**

    William B. Jameson hereby certifies that he did serve on this  3rd  day of August, 2011, the attached Plaintiff's Opposition to Defendant's Motion to Dismiss and Compel Arbitration, upon the Defendant's counsel identified below via U.S. Mail, postage prepaid:

    Thomas C. Regan, Esquire
    LeClair, Ryan
    One Riverfront Plaza, 16th FL
    1037 Raymond Blvd.
    Newark, NJ 07102


 8/3/11                                                     /s/William B. Jameson
DATE                                                 William B. Jameson, Esquire
                                                         Attorney for Plaintiff
                                                         AAMCO Transmissions, Inc.
                                                         201 Gibraltar Road, Suite 150
                                                         Horsham, PA 19044
                                                         (610) 668-2900