## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AAMCO TRANSMISSIONS, INC. : | |
| Plaintiff, : | |
| v. : | |
| JAMES M. DUNLAP : | No. 2:11-cv-04009-BMS |
| Defendant. : | |

## REPLY BRIEF IN SUPPORT OF MOTION TO CONVERT THE PRELIMINARY INJUNCTION INTO A PERMANENT INJUNCTION AND TO EXONERATE THE INJUNCTION BOND

I.   **ARGUMENT**

    **a.   The Arbitration Award Is Entitled To Preclusive Effect.**

Pro se Defendant, James Dunlap ("Dunlap") appears to be under the misimpression that after having demanded that this Court compel arbitration of disputes between Dunlap and AAMCO Transmissions, Inc. ("AAMCO"), having been granted that opportunity, having conducted the arbitration, and having lost on <u>every</u> claim he asserted in the arbitration, he can now return to this Court and litigate all of the claims he previously represented to the Court should be decided by an arbitrator.[1]

Despite Dunlap's attempt to refashion history, it is beyond dispute that the arbitrator's award was entirely in AAMCO's favor. The arbitrator expressly held that, "[t]he claims of [Dunlap] that have not been stricken or withdrawn from this arbitration as set forth in paragraphs 1 and 2 of my findings are hereby denied in their entirety." *See*, Exhibit E to AAMCO's Motion. The arbitrator's award is entitled to preclusive effect. *Elbaum v. Thomas Jefferson Univ. Hospitals, Inc.*, No. CIV. A. 13-1538, 2013 WL 6239593, at *6 (E.D. Pa. Dec. 3, 2013);

---

[1] In contrast to what he argued in 2011, Dunlap now contends in his opposition brief, "... the parties are now in the position to present facts to the court for its determination of the contractual dispute that exists. Interpretation of the contract would have been inappropriate for the arbitrator and is a duty best served by the court." Opp. Brief at p. 8.

*Novinger Grp. Inc. v. Hartford Life & Annuity Ins. Co.*, No. CIV. A. 1:06-CV-0188, 2008 WL

5378288, at *11 (M.D. Pa. Dec. 23, 2008).

In addition, the only claim that was pending in this action at the time that the Court

ordered the parties to arbitrate their disputes was AAMCO's assertion that Dunlap was violating

AAMCO's trademark and contractual rights by continuing to hold himself out to the public as an

authorized AAMCO Transmissions repair center after his franchise agreement had expired. *See*

Complaint, Doc. No. 1.  Dunlap contended that his franchise agreement with AAMCO had not

expired and that he was entitled to continue to operate as an AAMCO franchisee.  The Court

concluded otherwise in its Opinion and Order granting AAMCO's motion for a preliminary

injunction, (Doc. No. 18), as did the arbitrator in the arbitrator's award (Exhibit E to AAMCO's

Motion).  Simply stated, the new "breach of contract" issues that Dunlap has telegraphed in his

opposition brief he wants the Court to consider have never been a part of this case.[2]  In addition,

Dunlap fails to provide any explanation for why, if he believes such claims exist, he did not

present them to the arbitrator during the arbitration.  Moreover, such claims are completely

irrelevant to the relief requested by AAMCO in its present motion, which merely requests that

the Court enter a permanent injunction precluding Dunlap from using AAMCO's marks or from

holding himself out as an authorized AAMCO dealer and exonerate the now moot and

unnecessary injunction bond.

### b.  Dunlap Has Released His Claims Against AAMCO.

Furthermore, any claims that Dunlap believes he once might have had against AAMCO

associated with events that occurred in the 2006 time period, which appears to be the focus of

---

[2] Dunlap's Opposition Brief seems to suggest that he wants this court to allow him to assert claims against AAMCO for Violation of the Pennsylvania Uniform Trade Secrets Act, Abuse of Process and Violation of the Covenant of Good Faith and Fair Dealings. Opp. Brief at pp. 13-16.  These claims have never been pled and are not a part of this case.

Dunlap's opposition brief, were released by Dunlap in 2007 when he settled a previous litigation

with AAMCO. *See* Exhibit C to AAMCO's Motion. The Settlement Agreement, dated July 11,

2007, provided:

> Except for the obligations herein, prospective obligations under the franchise
> agreements for the Chesapeake and Portsmouth centers and prospective
> obligations under any agreements ancillary to the franchise agreements, the
> parties hereby mutually release each other from claims, including the claims
> asserted in the lawsuit titled *AAMCO Transmissions, Inc. v. Dunlap*, E.D.
> Pennsylvania Case No. 07-562, presently pending in the Eastern District of
> Pennsylvania, and the claims asserted therein will be dismissed with prejudice,
> together with all claims for money damages, whether known or unknown, through
> the date of execution of this settlement agreement.

*Id.* Thus, AAMCO already has obtained a release from Dunlap for any claims related to the

period pre-July 11, 2007, including any alleged claims associated with the factual allegations

contained in Dunlap's rambling opposition brief.

### c. The Previously Unasserted Arguments Contained In Dunlap's Opposition Brief Lack Merit.

Having failed to make such an argument at the time of the Court's consideration of

AAMCO's Motion for a Preliminary Injunction, or during the course of the arbitration, Dunlap

now for the first time asserts that AAMCO should be unable to enforce its post-termination

rights against him because, according to Dunlap, his franchise agreement with AAMCO did not

"terminate," it "expired." Dunlap's argument attempts to draw a distinction in this case where

one simply does not exist.

The word "terminate" simply means "to end." The expiration of a contract is one way a

contract may end. There is no distinction in the AAMCO franchise agreement at issue between

the use of the word "termination" when referring to the ending of the contract prior to the

expiration of its term and the actual expiration of the contract at the end of its term. Were

Dunlap's interpretation of the contract to be adopted, AAMCO would only be able to enforce its

post-termination contractual rights including, among others, the right to require that a former

franchisee: cease using AAMCO's trademarks, cease holding itself out to the public as an

authorized AAMCO franchisee in advertising and otherwise, return AAMCO's trademarked

materials to AAMCO and refrain for one year from competing against AAMCO's remaining

franchisees, in a situation involving a termination of the contract for cause prior to the expiration

of its term. This interpretation of the contract simply does not make sense because it would turn

the agreement from one with a fixed term, as it purports to be on its face, to one with a perpetual

term. In other words, under Dunlap's interpretation of the contract, AAMCO would never have

an opportunity to demand that a former franchisee, at the expiration of the term of the franchise

agreement, cease operating as an AAMCO franchisee. Clearly that is not what AAMCO and

Dunlap intended when they entered into the franchise agreement at issue.[3]

---

[3] Dunlap's reliance on *Hamden v. Total Car Franchising Corp.*, 548 Fed.Appx. 842 (4th Cir. 2013) is misplaced. First, it purports to apply Virginia law rather than Pennsylvania law as required by the franchise agreement. Second, as an unpublished opinion, it is not even recognized as binding precedent in the Fourth Circuit. Third, and most importantly, it is factually distinguishable. In *Hamden*, the Court expressly recognized that the mere use of both the term "termination" and the term "expiration" within an agreement did not necessarily mean that the terms had different meanings. *Id.* at 847. The court did find, however, that the contracts then before it used the terms in a manner that suggested that they meant different things. *Id.* In contrast, in the franchise agreement in the present case, the term "expiration" is only used once, in paragraph 16.1 to describe the end of the initial 15 year term. However, unlike *Hamden*, there is nothing in the franchise agreement in the present case to suggest that the term "termination" as used therein was intended to exclude situations involving expiration. Finally, with respect to Dunlap's reference to *The Franchise Law Compliance Manual*, a chapter of which was authored by AAMCO's counsel, Dunlap has simply taken a benign passage out of context and is attempting to infuse it with a meaning that it does not have.

4. **Conclusion**

For the foregoing reasons, AAMCO respectfully requests this Court convert the

preliminary injunction to a permanent injunction, pursuant to the draft order submitted with

AAMCO's motion, and exonerate the injunction bond.

Respectfully submitted,

Dated: April 15, 2015

James Goniea
Attorney for Plaintiff
Wiggin and Dana LLP
Two Liberty Place
50 S. 16th Street, Suite 2925
Philadelphia, Pennsylvania 19102
215.988.8317
jgoniea@wiggin.com